1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL OROZCO,                    )   Case No.: 1:13-cv-02002-JLT
                                        )
12            Petitioner,               )   FINDINGS AND RECOMMENDATIONS TO
                                        )   SUMMARILY DISMISS PETITION FOR WRIT
13       v.                             )   OF HABEAS CORPUS FOR LACK OF
                                        )   JURISDICTION
14   WOFFORD, Warden,                   )
                                        )
15            Respondent.               )   ORDER DIRECTING THAT OBJECTIONS BE
                                        )   FILED WITHIN TWENTY-ONE DAYS
16                                      )
                                        )   ORDER DIRECTING CLERK OF COURT TO
17   _____)   ASSIGN CASE TO DISTRICT JUDGE

18

19        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254.

21                        **PROCEDURAL HISTORY**

22        On December 6, 2013, 2010, Petitioner, presently serving an indeterminate term of life with the

23   possibility of parole for a first degree murder conviction, filed the instant petition for writ of habeas

24   corpus.  (Doc. 1).  Petitioner challenges the California court decisions upholding a November 6, 2012,

25   decision of the California Board of Parole Hearings ("BPH") finding Petitioner unsuitable for parole.

26   Petitioner claims the California courts unreasonably determined that he posed a current risk of danger

27   to the public if released on parole based upon "no evidence," and that the BPH failed to consider

28   Petitioner's present age, the fact that he committed the offense at the age of seventeen, and that he has

                                        1

1    already served 35 years in prison.

2         I.  Preliminary Screening of the Petition.

3         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

4    it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

5    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

6    Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached

7    exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v.

8    Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

9    Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2)

10   state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not

11   sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.

12   Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a

13   petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.

14   Hendricks, 908 F.2d at 491.

15        Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition

16   for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion

17   to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas

18   Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

19        II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

20        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

21   (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

22   after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries

23   v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant

24   petition was filed on December 6, 2013, and thus, it is subject to the provisions of the AEDPA.

25        For the reasons set forth below, the Court concludes that it lacks jurisdiction over the claims

26   raised in the instant petition.  Accordingly, the Court will recommend that the petition be dismissed.

27        A.  Substantive Due Process Claims And California's "Some Evidence" Standard

28        The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

                                                    2

Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Further, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v. Cooke, 562 U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke, 562 U.S.___, 131 S.Ct. 859. In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 131 S.Ct. at 861.

However, the procedures required for a parole determination are the minimal requirements set

3

forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  <u>Id.</u>.  In <u>Swarthout</u>, the Supreme Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. at 862.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

<u>Id</u>.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  <u>Id</u>.  The Supreme Court emphasized "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  <u>Id</u>. at 863.

<u>Swarthout</u> forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, the claims in the petition sound exclusively in substantive due process and are therefore foreclosed by <u>Swarthout</u>.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or undue reliance by the BPH upon the circumstances of the

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  <u>Id</u>. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  <u>Id</u>.

commitment offense to support denial of parole and lack of reliance upon other mitigating circumstances, are considerations that simply are not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

Moreover, to the extent that the claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

B.  Procedural Due Process

Under Swarthout, the only issues this Court may review under habeas jurisdiction is whether Petitioner was afforded the requisite procedural due process.  Here, Petitioner has neither alleged nor shown a violation of his federal right to procedural due process.  Petitioner has included a transcript of the November 6, 2012 BPH hearing.  (Doc. 1, pp. 14 et seq.).  From a review of that transcript, it is clear that Petitioner was afforded his federal procedural due process rights, i.e., Petitioner was present at the BPH hearing (id., p. 13); he had an opportunity to be heard (e.g., id., p. 30); he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 23-26; 29-30); and Petitioner received a statement of the Board's reasons for denying parole.  (Doc. 1, pp. 31 et seq.).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for habeas relief and should be summarily dismissed.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for

1    writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which

2    federal habeas relief can be granted.

3             This Findings and Recommendation is submitted to the United States District Court Judge

4    assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

5    Local Rules of Practice for the United States District Court, Eastern District of California.  Within

6    twenty-one (21) days after being served with a copy, any party may file written objections with the

7    court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

8    Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten

9    (10) court days (plus three days if served by mail) after service of the objections.  The Court will then

10   review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

11   that failure to file objections within the specified time may waive the right to appeal the District

12   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   IT IS SO ORDERED.

15     Dated:   **December 11, 2013**                **/s/ Jennifer L. Thurston**

16                                                  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28